The People of Puerto Rico, etc., Plaintiff, Appellee and Appellant, *v.* Ramón Carmona Rivera et ux; Juan Rodríguez Ríos and María Clemencia Rivera, Defendants, the first three Appelants—Appellees.

No. 9893. Argued June 2, 1949.—Decided July 21, 1949.

*E. Martínez Rivera* and *L. Blanco Lugo* for defendants-appellants. *Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández, former Attorney General,* on motion for dismissal) and *Carlos J. Faure* and *José A. Luiña, Assistant Attorneys General* for plaintiff, appellee and appellant.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The People of Puerto Rico instituted condemnation proceedings against Ramón Carmona and his wife and against Juan Rodríguez, in order to take two parcels of land owned by them, situated in the town of Comerío. One of the parcels has an area of 1.031 acres (*cuerdas*) and the other 0.8742 acres (*cuerdas*). The property of 1.031 acres belongs in its entirety to Ramón Carmona and his wife. Of the latter parcel, having an area of 0.8742 acres, Juan Rodríguez owns 992 square meters which were sold to him by Carmona shortly before the condemnation. As the just compensation for these lands, The People of Puerto Rico deposited the amount of $3,811.80, of which $2,089.63 belonged to the first parcel and $1,722.17 to the second. The owners answered the complaint alleging that the reasonable compensation was $38,645.73. In support of this contention, they introduced evidence consisting in offers to purchase which had been made to Carmona; sales of adjacent parcels, some having taken place many years before, and others, contemporaneously with the condemnation. Among the latter is the sale of the piece of property of 992 square meters made by Carmona to Juan Rodríguez.

The People of Puerto Rico brought an expert appraiser to support the value given by it to the parcels in its petition for condemnation. The district judge made an inspection of the premises and fixed $4 a square meter as the reasonable value of the condemned land. He likewise found that because of the condemnation, Carmona. had suffered damages in the remaining property amounting to $1,000 and that the sum of $300 should also be paid to Juan Rodríguez as the cost of the filling he used in his 992-meter portion.

■ Plaintiff and defendants appealed. The People of Puerto Rico served its notice of appeal on June 22, 1948, by mail, despite the fact that the attorneys for both parties have their offices in the city of San Juan. After the briefs in both appeals were filed, the defendants moved for the dismissal of the appeal taken by the People. They rest their motion on the fact that in *Hernández* v. *Municipal Court*, 69 P.R.R. 827, it was held that the Rules of Civil Procedure are not applicable to appeals; that the service of notice and the delivery of documents are controlled by §§ 320 *et seq.* of the Code of Civil Procedure; and that since according to the provisions of the Code, when the attorneys do not reside or have their offices in different places, between which there is a regular communication by mail, the service of notice of appeal should be made personally, this Court lacked jurisdiction and the appeal taken by The People should be dismissed. However, prior to that opinion, in *Cardona* v. *Ortega*, 68 P.R.R. 611, we held that service of a notice of appeal under the conditions it was served herein, was valid according to Rule 5 (*b*) of the Rules of Civil Procedure.

In the instant case The People notified its appeal in harmony with our ruling in the *Cardona* case, *supra*, which was at that time the law in this jurisdiction; and the adverse party having been as a matter of fact, notified, it would be unjust to dismiss the appeal. For that reason, following

the holding of *Quintero* v. *Irrigation Service*, 66 P.R.R. 887, and *Ex parte Bithorn,* 53 P.R.R. 556, in the exercise of our discretion, the motion to dismiss is denied.

 Considering the case on its merits we shall decide, in the first place, the appeal taken by The People. As we have pointed out the defendants introduced in evidence offers to purchase made to one of them, as well as remote sales of lots adjacent to those involved in condemnation proceeding. The People assigns, as error, the admission of such evidence. It seems clear that mere offers to purchase do not constitute the concrete and precise evidence which would help the judge in determining the reasonable value of the condemned property. On the contrary, it is uncertain and speculative evidence. *Sharp* v. *United States,* 191 U. S. 341, and *United States* v. *Playa de Flor Land & Improvement Co.,* 160 F. (2d) 131 (C.A. 5, 1947). By the same token, sales which have taken place a long time prior to the condemnation are inadmissible to establish the reasonable value of the condemned lands, in the absence of evidence showing a substantial change in the situation. The evidence introduced herein in regard to remote sales, deals with sales made thirty-seven years prior the filing of the complaint. In condemnation cases the reasonable value of the condemned property is the one prevailing at the time of the condemnation considering the best use to which it may be destined. *In re Board of Water Supply of City of New York,* 14 N. E. (2d) 789 (N.Y. 1938). Sales which took place thirty-seven years prior to the date in which a certain land was condemned, can hardly help to find its reasonable value when there is no evidence showing that the value has not changed. But, despite the fact that the evidence which we have just considered was inadmissible, the dominant factor—as admitted by counsel for the People—which induced the court to hold that the value of the condemned property was $4.00 a square meter, was the evidence of recent sales of land of the

same property, although of an inferior quality, at $3.00 a square meter. Therefore, if aside from the fact that the Court erred in admitting the evidence previously discussed, we find that the judgment is sustained by admissible proof of recent sales, the error in the admission of the evidence as to remote offers to purchase and sell did not prejudice the substantial rights of the defendants and consequently, does not warrant reversal.

■■ Let us now pass on the third error assigned by The People. The People argue that the evidence of sales contemporaneous with the condemnation, did not prove that the parcels sold were similar to the condemned property, inasmuch as said sales consisted of parcels of approximately 200, 400 and 1,000 square meters, whereas the condemned parcels added up to a total of about 1.90 acres. But the fact is that the difference in area between the parcels of land is not so great as to affect considerably the difference in price between them. Besides, the district judge made an inspection enabling him to judge the conditions of said parcels and said:

". . .We cannot escape from considering the topographical location of the town; we might say it is completely rolling almost in its entirety, and lacks lands for expansion purposes, which is the reason why the price of the parcels in the market has gone up. In addition, we must take into consideration the sales of parcels within the same property at $3 a square meter though located in the low region, after crossing the road, in a damp and marshy place, adjacent to the river, and easily flooded. . . ."

Thus, it seems clear that the court did not err in admitting in evidence the sales which took place some time near the date of the condemnation. However, the lower court did err in adjudicating to Juan Rodríguez, the amount of $300 which he spent in filling the lot, in addition to the $4 a square meter which it fixed as the reasonable value of his property at the time of the condemnation. Since the deter-

mination of the value took place at the time of the condemnation, the expenses already incurred by defendant in putting it in the conditions in which it was found at that time, was necessarily included in the price.

■ Upon considering now the appeal taken by the defendants, the first two errors are practically confined to attacking the weighing of the evidence by the trial court. They contend that the value of the condemned land is higher than that fixed by the court and that the damages suffered by Carmona in the remainder of his property, amounted to more than the $1,000 granted him on this account. But since the findings of the court are supported by the evidence, we are not justified in disturbing them. *People* v. *Muñoz*, 69 P.R.R. 89; *People* v. *García*, 66 P.R.R. 478, and *People* v. *Parkhurst Canning Co.*, 64 P.R.R. 542.

We deem it unnecessary to pass on the third assignment, inasmuch as it deals with the adjudication made by the court in favor of Juan Rodríguez for the value of the filling which he used in the parcel belonging to him, for we have already discussed it in connection with the appeal taken by The People.

The judgment will be modified by eliminating the amount of $300 granted to Juan Rodríguez as the value of the filling of his parcel prior to the condemnation. As modified, it is affirmed.

Mr. Justice Negrón Fernández did not participate herein.